## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

JORGE BATISTA FLORES,

    **Plaintiff,**

    v.

LUIS M. BELTRAN HERNANDEZ, et al.,

    **Defendants.**

**Civil No. 16-2004 (ADC)**

### OPINION AND ORDER

Pending before the Court is a motion for judgment on the pleadings under Federal Rules of Civil Procedure 12(c) ("Rule 12(c)") by co-defendant Commonwealth of Puerto Rico Police Officer Israel Colón-Mercado ("Colón"), **ECF No. 33**, and an opposition by plaintiff Jorge Batista-Flores ("plaintiff"), **ECF No. 42**. For the reasons set forth below, the Court grants in part and denies in part the aforementioned motion for judgment on the pleadings.

## I. Factual and Procedural Background

In the instant action, plaintiff, a resident of Oregon, alleges civil rights violations and tort damages under the Constitutions of the United States and the Commonwealth of Puerto Rico, Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141-5142 ("Articles 1802, 1803").[1] **ECF No. 1**. The claim is rooted in the alleged wrongful police investigation, criminal processing, arrest, and temporary incarceration of plaintiff that ensued from an armed

---

[1] As previously held by the Court, the instant claim may also be construed as one for alleged civil rights violations under 42 U.S.C. § 1983, although plaintiff did not expressly invoke said statute. *See* **ECF No. 36** at 4, n.2.

robbery at co-defendant Ramey Mini Market and Cafeteria ("the Mini-mart") in Aguadilla,

Puerto Rico.

In addition to Colón and the Mini-mart, the other co-defendants are: the Commonwealth

of Puerto Rico; Luis Beltrán-Hernández ("Beltrán"), the owner of the Mini-mart; and Zujeily

Acevedo-Lara ("Acevedo") and Jennifer Domenech-Hernández ("Domenech"), employees of

the Mini-mart who were on duty when the robbery occurred and who served as witnesses

against plaintiff in the criminal investigation and proceedings. *Id*. at 4-11. Beltrán, the Mini-mart,

Acevedo, and Domenech were properly served with summons but never filed responsive

pleadings. **ECF Nos. 5, 11, 16**. Thus, the Court granted plaintiff's request for entry of default

regarding those co-defendants, and default was entered accordingly. **ECF Nos. 16, 17**.

Furthermore, the Court granted the Commonwealth's motion to dismiss for failure to state a

claim under Fed. R. Civ. P. 12(b)(6) pursuant to the doctrine of sovereign immunity. **ECF Nos.

7, 36**. Accordingly, the Court dismissed with prejudice all claims against the Commonwealth.

**ECF No. 36.** As it pertains to Colón, the complaint contains allegations of the following acts and

omissions:

(i)     centering the robbery's investigation on plaintiff and refusing to corroborate his alibi

        which evidenced that he was in Mayagüez at the time of the robbery was taking place

        in Aguadilla, proceeding instead with his arrest and criminal processing for charges

        of robbery and weapons-law violations, **ECF No. 1** at 4-11; and

(ii)     not allowing plaintiff to be referred to court pretrial services for placement under

electronic supervision at his uncle's house in lieu of incarceration, taking plaintiff

instead to the Bayamón Regional Detention Center, where he was imprisoned for

three days. *Id*.

Plaintiff also alleges that, in spite of the testimonies against him by co-defendants Colón, Beltrán,

Domenech, and Acevedo at the preliminary hearing before the Puerto Rico Court of First

Instance, the court found no probable cause to indict him in light of Colón's alibi placing him in

Mayagüez at the time of the robbery. *Id*. at 8-9. Moreover, plaintiff claims that as a result of the

wrongful criminal charges, arrest, and incarceration pursued by Colón against him, plaintiff lost

his job, his fiancé broke their wedding engagement, and he developed an emotional condition

that requires of psychiatric treatment. *Id*. at 8.

## II.     Standard of Review for a Motion to Dismiss Under Rule 12(c)

As provided under Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed--but early

enough not to delay trial--a party may move for judgment on the pleadings." Additionally, "[a]

motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss" for

failure to state a claim upon which relief can be granted. *Pérez-Acevedo v. Ribero-Cubano*, 520 F.3d

26, 29 (1st Cir. 2008). To survive dismissal under this standard, a complaint must allege "a

plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). According to

*Twombly*, the complaint must state enough facts to "nudge [Plaintiff's] claims across the line

from conceivable to plausible." *Id.* at 570. Therefore, to preclude dismissal pursuant to Rule 12(c),

the complaint must rest on factual allegations sufficient "to raise a right to relief above the speculative level." *See Id.* at 555.

At the motion to dismiss stage, courts accept all well-pleaded factual allegations as true, and draw all reasonable inferences in plaintiff's favor. *Parker v. Hurley*, 514 F.3d 87, 90 (1st Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]–'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010) ("The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief."). Courts need not credit complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). Applying these principles, particularly the plausibility analysis, is a context-specific task that requires courts to use their judicial experience and common sense. *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 555-56).

## III. Discussion

### A.  Plaintiff raises an actionable tort claim against Colón under Article 1802.

Colón avers that judgment on the pleadings should be granted in his favor under Fed. R. Civ. P. 12(c). **ECF No. 33** at 7-13. In support of his contention, he alleges that

> [He] was both reasonable and prudent and could not have foreseen having created an undue risk to Plaintiff. Defendant Colón-Mercado acted upon apparently trustworthy information because Defendants Zujeily Acevedo Lara and Jennifer

> Domenech Hernández went on to identify plaintiff as the person who committed
> the robbery . . . which gave him probable cause that [p]laintiff committed the crime.

*Id*. at 13 (internal quotation marks omitted). However, the issue at hand in adjudicating Colón's

motion to dismiss under Rule 12(c) is whether plaintiff adequately pleaded in the complaint

plausible claims under the causes of action raised. A plausible tort claim under Article 1802 is

rooted in the proper allegation of: "(1) evidence of physical or emotional injury, (2) a negligent

or intentional act or omission (the breach of duty element), and (3) a sufficient causal nexus

between the injury and defendant's act or omission (in other words, proximate cause)." *Muñoz*

*v. Sociedad Española de Auxilio Mutuo y Beneficiencia de Puerto Rico*, 671 F.3d 49, 61 (1st Cir. 2012)

(quoting *Vázquez–Filippetti v. Banco Popular de P.R.*, 504 F.3d 43, 49 (1st Cir.2007)).

We incorporate by reference herein the summary of plaintiff's factual allegations included

above. In light of the same, the Court holds that plaintiff sufficiently pleaded in the complaint a

tort cause of action under Article 1802 that survives dismissal under Rule 12(c). Colón's

arguments that he acted in a reasonable and prudent manner based on probable cause and that

the alleged damages were not foreseeable, may constitute affirmative defenses against plaintiff's

claims. However, a possible defense "is inadequate to allow [Colón] to prevail on a motion to

dismiss," and the same holds true for other defenses requiring fact-finding. *See Rodríguez-Vives*

*v. P.R. Firefighters Corps of P.R.*, 743 F.3d 278, 283 (1st Cir. 2014). Thus, Colón's motion to dismiss

under Rule 12(c) as to plaintiff's general tort-damage claim under Article 1802 is hereby

**DENIED**.

**B. Plaintiff sufficiently pleads a malicious-prosecution tort claim.**

Colón avers that plaintiff fails to allege in the complaint a plausible tort claim for malicious prosecution, stating that "the [c]omplaint still does not meet the required plausibility standard as [p]laintiff fails to allege facts sufficient to show that the appearing [d]efendant acted with malice and without probable cause. In fact, [p]laintiff utterly failed to allege this element of malice." **ECF No. 33** at 14. "Under Puerto Rico common law, a claim for malicious prosecution requires that: (1) a criminal action was initiated and instigated by defendants; (2) a criminal action terminated in favor of plaintiff; (3) the defendants acted *with malice and without probable cause*; and (4) plaintiff suffered damages." *Medina v. Toledo*, 718 F. Supp.2d 194, 206 (D.P.R. 2010) (emphasis in the original); *see Díaz-Nieves v. United States*, 858 F.3d 678, 688 (1st Cir. 2017).

The Court finds that the instant complaint sufficiently pleads a plausible tort claim of malicious prosecution as to Colón. **ECF No. 1** at 4-11. Specifically, the complaint contains allegations of Colón's wrongful criminal investigation and arrest of plaintiff, and his refusal to allow plaintiff to be referred for electronic surveillance in lieu of incarceration. *Id*. at 7. The complaint also contains allegations of plaintiff's wrongful incarceration prior to the Puerto Rico Court of First Instance's finding of no probable cause for his indictment, and regarding plaintiff's economic and emotional damages. *Id*. at. 4-11. Moreover, although plaintiff does not expressly include in the complaint either the word "malice"or the phrase "without probable cause," it is well known that "[t]he relevant question . . . in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether the complaint warrant[s]

dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible." *Hernández-Cuevas v. Taylor*, 723 F.3d 91, 102–03 (1st Cir. 2013) (citing *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly*, 550 U.S. at 569, n. 14)). Claims of malice and lack of probable cause arise from plaintiff's complaint allegations summarized above. Those depict Colón as the police officer who chose to pursue plaintiff's wrongful arrest, criminal processing and imprisonment upon refusing to corroborate plaintiff's alibi that placed him at a different municipality at the time of the Mini-mart's robbery, for which he was subsequently exonerated. **ECF No. 1** at 4-11.

In sum, plaintiff alleges a plausible claim of malicious prosecution against Colón under the applicable standards. Thus, Colón's motion to dismiss under Rule 12(c) is **DENIED** as to the malicious prosecution claim.  Of course, plaintiff has a long way to go to prove his claim against Colón. "The role of the[ ] defendant[ ] can be made clearer in discovery[,] and nothing precludes later efforts to end the case . . . should discovery not substantiate these inferences." *Marrero-Rodríguez v. Municipality of San Juan*, 677 F.3d 497, 502-503 (1st Cir. 2012).

### C. Plaintiff's claim against Colón in his official capacity warrants dismissal pursuant to the doctrine of sovereign immunity under the Eleventh Amendment.

Colón requests the dismissal of plaintiff's claim against him in his official capacity, inasmuch as he is an officer of the state, protected in federal court from liability under the doctrine of sovereign immunity in accordance with the Eleventh Amendment of the Constitution of the United States ("the Eleventh Amendment"). **ECF No. 33** at 17-18. In response, plaintiff submits that he "does not object to the dismissal of its claims for damages against defendant

Civil No. 16-2004 (ADC)                                                      **Page 8**

Colón-Mercado, in his official capacity." **ECF No. 42** at 13. Furthermore, plaintiff requests that

said claim be dismissed without prejudice "so as to allow him to pursue the state law claims

before the Commonwealth courts." *Id*.

The Court incorporates by reference its discussion of the doctrine of sovereign immunity

under the Eleventh Amendment in its Order at **ECF No. 36**. As held therein, the Court dismissed

with prejudice plaintiff's claim against the Commonwealth under the aforementioned doctrine,

which provides sovereign-immunity protection to the Commonwealth against claims in federal

court such as those alleged in the instant case. *Id*. Likewise, the Eleventh Amendment "bars the

recovery of damages in official capacity suits [in federal court] brought against Puerto Rico

officials where recovery will come from the public fisc." *Culebras Enter. Corp. v. Rivera Ríos*, 813

F.2d 506, 516 (1st Cir. 1987).

Thus, the Court hereby holds that Colón is shielded from liability for damages in his

official capacity as an officer of the Puerto Rico Police Department, pursuant to the doctrine of

sovereign immunity under the Eleventh Amendment. Accordingly, the Court **GRANTS** Colón's

request for dismissal with prejudice of plaintiff's claims against Colón in his official capacity.[2]

> **D. Dismissal of the claim against Colón in his personal capacity under the doctrine of**
> **qualified immunity is not warranted.**

---

[2] Although plaintiff requests that the dismissal be without prejudice, the Court deems that it should be with
prejudice, insofar as the sovereign immunity under the Eleventh Amendment, pursuant to which the claim against
Colón in his official capacity is being dismissed, shields Colón from liability in his official capacity only in federal-
court damage claims. *See* the Court's related discussion at **ECF No. 36** at 3-5. As summarized therein, under
Lawsuits Against the Commonwealth of Puerto Rico Act, the Commonwealth has consented to be sued for damages
in actions filed before the Commonwealth Court of First Instance. P.R. Laws Ann. tit. 32, § 3077; *see Díaz-Fonseca v.
Puerto Rico*, 451 F.3d 13, 33 (1st Cir. 2006).

**Civil No. 16-2004 (ADC)**                                                                 **Page 9**

Colón requests the Court to dismiss the complaint against him in his personal capacity

under the doctrine of qualified immunity. As recently held by the First Circuit,

> The doctrine of qualified immunity protects a state official from liability for
> damages under § 1983 where her conduct did not violate clearly established
> statutory or constitutional rights of which a reasonable person would have known.
> Because the doctrine serves as an *immunity from suit* rather than a mere defense to
> liability[,] . . . it is effectively lost if a case is erroneously permitted to go to trial.
> Accordingly, qualified immunity should be resolved at the earliest possible stage
> of litigation.

*Rocket Learning, Inc. v. Rivera-Sánchez*, 715 F.3d 1, 8 (1st Cir. 2013) (citations and internal quotation

marks omitted) (emphasis in the original); *see also Guillemard-Ginorio v. Contreras-Gómez*, 585 F.3d

508, 526 (1st. Cir. 2009).  Furthermore, under the Lawsuits Against the Commonwealth of Puerto

Rico Act ("LACPRA"), P.R. Laws Ann. tit. 32,  § 2077 et seq., which was invoked by plaintiff in

support of his claims, individual state officials are not personally liable for allegedly negligent

or culpable acts and omissions that occur in the exercise of their official duties. *See De Paz Lisk v.*

*Aponte Roque*, 124 D.P.R. 472 (1989), 1989 WL 607276, 24 P.R. Offic. Trans. 320. However, under

the LACPRA, state officials are individually liable for their intentional wrongful acts, as well as

for all tortious acts committed beyond the scope of their official duties. *See Redondo Const., Co.,*

*v. Izquierdo,* 929 F. Supp.2d 1, 9 (D.P.R. 2012); *Romero Arroyo v. E.L.A.*, 127 D.P.R. 724 (1991), 1991

WL 788279 (P.R.).

As discussed above, the complaint contains an adequately pleaded tort claim of malicious

prosecution. It is predicated on the acts and omissions of Colón, whereby he allegedly pursued

the wrongful criminal investigation and arrest of plaintiff, even though early in the investigation,

plaintiff had allegedly informed Colón of an exculpatory alibi that Colón supposedly refused to verify and in light of which plaintiff was later exculpated. **ECF No. 1** at 4-11. Furthermore, plaintiff claims that Colón is liable in tort for his temporary incarceration, inasmuch as Colón allegedly did not allow plaintiff to be referred to pretrial services to enable his possible release under electronic surveillance in lieu of imprisonment. *Id*. Colón contends that dismissal is warranted in his favor since his alleged acts and omissions "fall squarely within the framework of the official discretionary functions" of his job. **ECF No. 33** at 20. Moreover, he claims to have "diligently acted upon apparently trustworthy information[,] and . . . [p]laintiff['s] arrest followed a judicial officer's determination of[ ]probable cause to arrest." *Id*.

Whether Colón's acts and omissions in question were legally compliant and within the scope of his official duties is an issue involving mixed questions of fact and law that are potentially dispositive of the claim against Colón under the doctrine of qualified immunity. However, the Court is not yet in a position to adjudicate the same absent discovery. As such, the Court **DENIES WITHOUT PREJUDICE** Colón's request for dismissal under the doctrine of qualified immunity until discovery is completed and the parties submit motions for summary judgment. Accordingly, **THE CASE MANAGEMENT ORDER AT ECF NO. 31 IS HEREBY AMENDED AS FOLLOWS**: (i) discovery deadline—May 31, 2018; (ii) dispositive motions deadline—July 13, 2018; and (iii) oppositions to dispositive motions deadline—August 12, 2018. Extensions of time will not be granted absent exigent circumstances.

**E.  Punitive damages may be available as a remedy under 42 U.S.C. § 1983.**

Colón asserts that plaintiff's request for punitive damages should be dismissed, because such damages are not available in relation to tort claims under Article 1802. **ECF No. 33** at 21. In his opposition, plaintiff correctly admits that "the imposition of punitive damages is not applicable in cases under Article 1802." **ECF No. 42** at 16. *See Carrasquillo v. Lippit Simonpietri, Inc.*, 646 P.R.R. 646 (1970). Nonetheless, as mentioned above, the instant claim may also be construed as one for alleged civil rights violations under 42 U.S.C. § 1983 ("Section 1983"), in addition to a tort claim under Article 1802. **ECF No. 1**. Punitive damage awards may be available in a Section 1983 action against a state officer if the claimant proves "that the defendant intentionally violated his federally protected rights, or acted with reckless indifference toward those rights." *Méndez-Matos v. Municipality of Guaynabo*, 557 F.3d 36, 47 (1st Cir. 2009).

In the complaint, plaintiff alleges, in essence, that he was wrongfully and maliciously investigated, charged, and incarcerated by Puerto Rico law enforcement authorities for a crime that he did not commit. **ECF No. 1**. Thus, plaintiff has met his burden under the applicable standards summarized above to raise in his complaint a plausible claim of civil rights violations under Section 1983. *See Twombly*, 550 U.S. at 559; *Méndez-Matos*, 557 F.3d at 47; *Pérez-Acevedo*, 520 F.3d at 29. Accordingly, Colón's request for dismissal of plaintiff's request for punitive damages is hereby **DENIED**.

### F.  Plaintiff's claim against Colón pursuant to Article 1803 warrants dismissal.

Colón requests that the Court dismiss plaintiff's claim against him under Article 1803 for failure to state a claim. **ECF No. 33** at 15-16. Specifically, Colón asserts that "Article 1803 provides an exhaustive list of circumstances in which a party, such as an employer, may be vicariously liable for the torts committed by another party," and that as such, it is inapplicable to plaintiff's claim against Colón. *Id.* at 15. In response to Colón's contentions, plaintiff states that he "has not averred that [Colón] is liable for the acts of someone different that himself. He is only responsible for his own acts." **ECF No. 42** at 4, n. 2. Moreover, even though plaintiff invokes Article 1803 in the complaint under the section titled "[j]urisdiction and [v]enue," **ECF No. 1** at 1, the complaint is nonetheless devoid of any factual allegation that Colón is liable for the tortious acts or omissions of others. Thus, the Court **GRANTS** Colón's motion to dismiss regarding the claim under Article 1803, since the complaint fails to state a claim of vicarious liability of others regarding his alleged wrongful acts and omissions.

## IV.    Conclusion

For the foregoing reasons, the Court rules as follows regarding Colón's motion under Rule 12(c), **ECF No. 33**:

(i)     Request for dismissal of plaintiff's tort claims under Article 1802 and for malicious prosecution against Colón are **DENIED**;

(ii)    Request for dismissal of plaintiff's claims against Colón in his official capacity pursuant to the doctrine of sovereign immunity under the Eleventh Amendment is **GRANTED**, for which said claims are hereby **DISMISSED WITH PREJUDICE**;

(iii)   Request for dismissal of plainitff's claims against Colón in his personal capacity under the doctrine of qualified immunity is **DENIED WITHOUT PREJUDICE** until discovery is completed and the parties submit motions for summary judgment. Accordingly, **THE CASE MANAGEMENT ORDER AT ECF NO. 31 IS HEREBY AMENDED AS FOLLOWS**: (i) discovery deadline—May 31, 2018; (ii) dispositive motions deadline—July 13, 2018; and (iii) oppositions to dispositive motions deadline—August 12, 2018. Extensions of time will not be granted absent exigent circumstances. Should parties opt to not file summary-judgment motions, the issue will be adjudicated at trial;

(iv)    Request for dismissal of plaintiff's claim against Colón for punitive damages under Section 1983 is **DENIED**; and

(v)     Request for dismissal of plaintiff's claim against Colón under Article 1803 is **GRANTED**, for which said claim is hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

At San Juan, Puerto Rico, on this 30th day of March, 2018.

**S/AIDA M. DELGADO-COLON**
**Chief United States District Judge**